UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SELVIN SOLIS MACARIO,<br><br>        Petitioner,<br><br>        v.<br><br>PATRICIA HYDE, Field Office Director, MICHEAL KROL, HSI New England Special Agent in Charge, TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement, and KRISTI NOEM, U.S. Secretary of Homeland Security<br><br>        Respondents. | Civil Action No. 25-12632-LTS |

**RESPONDENTS' ABBREVIATED RESPONSE TO**
**PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Selvin Solis Macario ("Petitioner") filed an Emergency Petition for Writ of Habeas Corpus challenging his immigration detention and seeking immediate release. [Doc. No. 1]. On October 14, 2025, he filed a motion asking the Court to accept a late-filed amended petition along with the proposed amended petition ("Amended Petition"). [Doc. No. 13]. The same day, the Court allowed the motion, reviewed the petition, and ordered Respondents to answer the Amended Petition by 1 p.m. on Friday, October 17, 2025. [Doc. No. 14].

Respondents concede that this Court's recent decisions in *Garcia v. Hyde*[1] and *Encarnacion v. Moniz*[2] control this case. Accordingly, Respondents submit the following abbreviated response to the Amended Petition to expedite the Court's consideration of this matter

---

[1] No. 25-cv-11513-LTS, Doc. No. 21 (D. Mass. July 14, 2025).

[2] No. 25-cv-12237-LTS, Doc. No. 16 (D. Mass. Sept. 5, 2025).

and conserve the resources of the parties and the Court. Respondents' abbreviated response relies upon, and incorporates by reference, the legal arguments that Respondents presented in *Garcia* and *Encarnacion*.[3]

## I.  BACKGROUND

### A.  The Petition

Petitioner alleges that he is a national of Guatemala and resident of Massachusetts. [Doc. No. 14, ¶ 1]. He entered the United States "without inspection or parole at the age of eighteen and has lived here continuously since then . . .". *Id*. ¶ 17. Petitioner asserts that, on September 16, 2025, "he was working in the United States lawfully and with the fully assent of the United States government" when he was detained by U.S. Immigration and Customs Enforcement ("ICE") while he was working "with the rest of his roofing crew." *Id*. ¶¶ 3, 18–20, 39. He continues to be detained. *Id*. ¶ 3.

Petitioner further alleges that, in 2018, ICE detained him and placed him in removal proceedings based upon a 2001 arrest for operating under the influence of liquor. *Id*. ¶ 27. An immigration judge released Petitioner on bond. *Id*. Since that time, he has "litigated his removal proceedings while out on bond." *Id*. ¶ 29.

Petitioner challenges his arrest and detention under the Fifth Amendment (Counts One, Two, Four, and Six), and alleges "Respondents violated the Petitioner's statutory rights under the INA when they detained him under 8 U.S.C. § 1225's mandatory detention scheme." *Id*. Count Three, ¶ 89. He also alleges prospective harm if Respondents move Petitioner from the District of

---

[3] *See generally* Doc. Nos. 14, 16, and 20 in *Garcia* (25-cv-11513-LTS), and Doc. No. 12 in *Encarnacion* (25-cv-12237-LTS).

Massachusetts, which he alleges "will violate his statutory right to counsel by preventing him from communicating effectively with his attorney." *Id*. at Count Five, ¶¶ 38–41.

### B.    Declaration of Assistant Field Office Director

Petitioner entered the United States on an unknown date at an unknown location. *See* Decl. of Asst. Field Office Dir. Keith M. Chan ("Chan Decl.") at ¶ 6. He was not inspected, admitted, or paroled by an immigration officer upon entry to the United States. *Id*.

Between 2002 and 2006, Petitioner "had multiple encounters with police for motor vehicle charges." [Chan Decl. ¶ 7]. *See also, id*., ¶¶ 7–12 (description of motor vehicle violations).

On May 11, 2018, ICE encountered and detained Petitioner. [Chan Decl. ¶ 13]. On the same day, ICE issued Petitioner a Notice to Appear ("NTA") alleging that he is an alien who has not been admitted or paroled and is inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). *Id*. ICE declined to release Petitioner at that time. *Id*. On May 16, 2018, ICE filed the NTA with the immigration court in Boston, Massachusetts. *Id*. ¶ 14. On May 24, 2018, an immigration judge conducted a custody redetermination hearing and granted Petitioner release on bond in the amount of $3,000. *Id*. ¶ 15. ICE released Petitioner on bond the next day. *Id*.

On April 5, 2022, Petitioner was found responsible for improper use of a mobile phone in a motor vehicle. *Id*. ¶ 16. He defaulted on his court-ordered payment of court costs and fines. *Id*.

On March 16, 2023, Petitioner appeared before an immigration judge for a hearing on his cancellation of removal application for relief from removal. *Id*. ¶ 17. The immigration judge continued the hearing because the audio recording equipment malfunctioned and did not capture all of the testimonial evidence. *Id*. On April 6, 2023, Petitioner again appeared before the immigration court for a continued hearing to adjudicate his application for cancellation of removal.

*Id*. ¶ 18. The immigration court once again continued the hearing to re-take testimony and complete the evidentiary record. *Id*.

On September 17, 2025, ICE encountered Petitioner, and he voluntarily answered the immigration officer's questions about his alienage and unlawful entry into the United States. *Id*. ¶ 19. Records checks revealed that Petitioner had not resided at the address provided to ICE when he was released on bond in 2018, and that he had been found responsible for improper use of a mobile phone in a motor vehicle in 2022. *Id*. Therefore, ICE determined that circumstances had materially changed since the immigration judge granted Petitioner release on bond in 2018, and ICE arrested him. *Id*. ICE did not issue a Form I-200, Warrant for Arrest of Alien, prior to Petitioner's arrest, as it was determined he was likely to abscond. *Id*. ICE detained Petitioner pursuant to 8 U.S.C. § 1225. *Id*.

On September 18, 2025, ICE transferred Petitioner to Plymouth County Correctional Facility. *Id*. ¶ 20. On September 22, 2025, ICE cancelled Petitioner's bond. *Id*. ¶ 21. Petitioner appeared for a master calendar hearing before the immigration court on October 14, 2025. *Id*. ¶ 22. Petitioner, through counsel, requested a continuance of the hearing. *Id*. Petitioner is next scheduled to appear for a master calendar hearing on October 27, 2025. *Id*.

Adjudication of Petitioner's application for cancellation of removal remains pending before the immigration court. *Id*. ¶ 23. Petitioner continues to be detained at Plymouth County Correctional Facility. *Id*. ¶ 24.

## II.     DISCUSSION

Respondents' position remains that the Court should deny the Amended Petition because Petitioner is an applicant for admission, which means 8 U.S.C. § 1225(b)(2)(A) authorizes Petitioner's detention, and the due process clause provides Petitioner only those rights conferred

by statute.  Respondents further note the Board of Immigration Appeals' recent decision that noncitizens "who are present in the United States without admission are applicants for admission" who "must be detained for the duration of their removal proceedings."  *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (B.I.A. 2025).  However, Respondents concede that in *Garcia* and *Encarnacion*, this Court held that 8 U.S.C. § 1226(a)—not § 1225(b)—governed the petitioners' detention.  *See Encarnacion v. Moniz*, 25-cv-12237-LTS, (D. Mass. Sept. 5, 2025); *Garcia v. Hyde*, 25-cv-11513-LTS, Doc. No. 21 at 5 (D. Mass. July 14, 2025).  Should the Court apply the reasoning of *Garcia* and *Encarnacion*, it would reach the same result here.

Alternatively, if the Court finds detention is proper under 8 U.S.C. § 1226, ICE's revocation of Petitioner's bond was proper under § 1226(b).  Pursuant to 8 U.S.C. § 1226(b), ICE "at any time may revoke a bond or parole authorized under [Section 1226(a)], rearrest the alien under the original warrant, and detain the alien."  When an alien is released by ICE, "such release may be revoked at any time in the discretion of [certain immigration officers], in which event the alien may be taken into physical custody and detained."  8 C.F.R. § 236.1(c)(9).  The Board of Immigration Appeals has previously held that "where a previous bond determination has been made by an immigration judge, no change should be made by a District Director absent a change of circumstance."  *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (B.I.A. 1981).

Accordingly, Respondents respectfully submit that the Court may resolve the Amended Petition without further briefing or oral argument.[4]  Respondents thank the Court for its consideration of this abbreviated submission.

---

[4] Respondents submit that the Court's decisions in *Garcia* and *Encarnacion* are dispositive here.  However, Respondents will provide further briefing on any issue that Respondents did not address in those cases, if the Court would like Respondents to do so.

                                                       Respectfully submitted,

                                                       LEAH B. FOLEY
                                                       United States Attorney

                                     By:    */s/ Eve A. Piemonte*
                                                       Eve A. Piemonte
                                                       Assistant United States Attorney
                                                       United States Attorney's Office
                                                       John J. Moakley U.S. Courthouse
                                                       1 Courthouse Way, Suite 9200
                                                       Boston, MA  02210
                                                       (617) 748-3369
Dated: October 16, 2025                      Eve.Piemonte@usdoj.gov