UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SELVIN SOLIS MACARIO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 25-12632-LTS |
| PATRICIA HYDE et al., | ) ) ) | |
| Respondents. | ) ) | |

ORDER ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS

October 17, 2025

SOROKIN, J.

Selvin Solis Macario, a citizen of Guatemala who is presently in immigration detention, filed and subsequently amended a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition is ALLOWED to the extent, and for the reasons, explained below.

Solis Macario entered the United States twenty years ago without inspection or valid entry documents, and without encountering federal immigration authorities. Doc. No. 13-1 ¶ 17. In 2018, he was arrested by Immigration and Customs Enforcement ("ICE") officers, who initiated removal proceedings. Id. ¶¶ 4, 27. Though ICE detained him initially, an immigration judge ("IJ") granted him release on bond soon after his May 2018 arrest. Id. He paid the bond and spent the next seven years living in the community, working, and attending scheduled proceedings in immigration court, where he has a pending application for cancellation of removal. Id. ¶ 6. On September 16, 2025, ICE officers arrested Solis Macario and other members of his roofing crew. Id. ¶¶ 18–24. He has been in immigration detention ever since.

On September 17, 2025, Solis Macario instituted this action by filing a habeas petition, Doc. No. 1, which he amended on October 14, 2025, after his habeas counsel conferred with the lawyer representing him in immigration court, Doc. No. 13-1; see Doc. No. 11.  The petition raises claims similar to those the Court has evaluated in other recent cases.  See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16.  Thus, the Court ordered the respondents to show cause why it should not either order Solis Macario's release on the bond set in 2018 or order that a new bond hearing be held promptly.  Doc. No. 14.

The respondents timely answered the show-cause order.[1]  They conceded that the Court has previously resolved the question of which federal statute governs detention of an individual in Solis Macario's position, in decisions which "control this case" and "are dispositive here."  Doc. No. 15 at 1, 5 n.4.  Though they disagree with the result the Court reached in those cases, they incorporated by reference their earlier briefing and suggested that no further argument was necessary before the Court renders a decision.  Id. at 4–5.

The Court adheres to its prior reasoning, as described in the cases the respondents cited, and concludes Solis Macario is not subject to mandatory detention under 8 U.S.C. § 1225(b).  See also, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy); Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (slip copy) (collecting cases from different districts reaching same conclusion).  This warrants granting his petition, leaving only the question of relief.  The respondents have identified facts they suggest "materially changed" the circumstances bearing

---

[1] The Court appreciates the efficient preparation of a candid and helpful memorandum by respondents' counsel.

on Solis Macario's bond (and justified revoking it). See Doc. No. 15 at 4–5. It is not for this Court to evaluate what effect, if any, the circumstances raised in the respondents' papers should have on the bond calculus. That is a matter for an IJ to consider in the first instance. So, rather than ordering Solis Macario's release on the bail set years ago, the Court will require a new bond hearing at which an IJ can weigh the facts cited by the respondents and adjust (or leave intact) the bond order as appropriate.

Accordingly, the Court hereby ALLOWS the amended petition and ORDERS as follows: 1) the respondents shall provide Solis Macario with a bond redetermination hearing under 8 U.S.C. § 1226(a) within seven days of this Order;[2] 2) the respondents shall not oppose or deny bond to Solis Macario on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and 3) the respondents shall not retaliate against Solis Macario in the context of the bond hearing or otherwise for filing this federal habeas petition.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[2] At the hearing, consistent with the statute and its implementing regulations, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk. See Oliveira Gomes, 2025 WL 1869299, at *8.